UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 12-14069-CR-GRAHAM/GOODMAN

UNITED STATES OF AMERICA

v.

ALFRED DAKING, JR.,

      Defendant.

_____/

## REPORT AND RECOMMENDATIONS

This Cause is before the Undersigned following a competency hearing regarding the competency of Defendant Alfred Daking, Jr. ("Daking"). Following the hearing, for the reasons given below, the Undersigned **RESPECTFULLY RECOMMENDS** that Daking be found competent to stand trial.

    **I.**    **Legal Standards**

18 U.S.C. § 4241(a) states:

> At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, or at any time after the commencement of probation or supervised release and prior to the completion of the sentence, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

1

18 U.S.C. § 4241 codifies the competency principles set forth in *Dusky v. United States*, 362 U.S. 402 (1960), wherein the Supreme Court held that the standard for competence to stand trial is whether the defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and has "a rational as well as factual understanding of the proceedings against him."

The determination of the defendant's competency to be arraigned and stand trial is ultimately a legal decision to be made by a court in the exercise of its sound discretion. *United States v. Knohl*, 379 F.2d 427, 434 (2d Cir. 1967), *cert. denied*, 389 U.S. 973 (1967). In determining whether a defendant has sufficient present ability to consult with his lawyer, courts may consider the following non-exclusive factors: (1) the state of the defendant's memory, since he should be able to relate pertinent facts, names and events to his attorneys (although the defendant need not remember every fact that trial might encompass);  (2) the extent to which relevant evidence could be reconstructed from communications made by the defendant to his counsel or from independent sources; (3) an adequate ability to review and evaluate documents and other written evidence bearing on the case; (4) an appreciation of the Government's evidence against him; (5) the ability to consider the wisdom of taking a course other than standing trial on the merits; (6) the ability to decide objectively whether to exercise his constitutional right to take the stand, and if he does take the stand, the ability to testify in an

intelligent, coherent and relevant manner; (7) the ability to remain sufficiently alert and responsive so as to follow and recognize any discrepancies in the testimony of witnesses; and (8) the ability to discuss the testimony with his attorneys and to postulate questions to the witnesses through counsel. *United States v. Passman*, 455 F. Supp. 794, 795-97 (D.D.C. 1978).

## II.   Analysis

On November 14, 2012, Daking filed a motion requesting a competency hearing pursuant to 18 U.S.C. § 4241(a). [ECF No. 31]. In his motion to determine competency, the Defendant's counsel stated that "Mr. Daking was extremely emotional, irrational and tangential in his responses to counsel. Despite counsel's efforts to simplify the process and mollify Mr. Daking the situation has persisted and appears chronic." [*Id.* at p. 1]. Furthermore, the motion stated that "the undersigned hired Dr. Michael Brannon, a forensic psychologist, to conduct a psychological evaluation of Mr. Daking. In Dr. Brannon's opinion, Mr. Daking is not competent to proceed." [*Id.* at pp. 1-2].

In response to the motion requesting a competency hearing, the Government requested that the Bureau of Prisons "perform a competency evaluation of the defendant to determine if he is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his

defense." [ECF No. 32, p. 1].

District Court Judge Donald L. Graham (the "District Court") scheduled the competency hearing for December 17, 2012. On December 18, 2012, the day after the District Court held a competency hearing, the District Court issued an Order finding that "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent." [ECF No. 34, p. 1]. Therefore, the District Court ordered that a psychiatric examination be conducted to determine competency, pursuant to 18 U.S.C. § 4241(b). [*Id.* at p. 2].

On March 13, 2013, Dr. Lisa Feldman, a forensic psychologist for the Bureau of Prisons, issued a report finding Daking competent to stand trial. [*See* ECF No. 39, pp. 1-2]. On May 7, 2013, the District Court referred the case to the Undersigned for a second competency hearing. [ECF No. 41].

On May 23, 2013, Michael Brannon – the same doctor who had issued an earlier report stating that he believed Daking was incompetent to proceed – issued a new report, in which he stated: "It is the advisory opinion of this examiner that the examinee is Competent to proceed." Following the issuance of Brannon's report, the parties issued a Joint Proposal on Resolution of Competency Issue. [ECF No. 43]. The Joint Proposal stated, in pertinent part:

> Defense counsel has visited Mr. Daking several occasions at FDC, Miami and is . . . of the opinion that Mr. Daking's

4

> condition has improved markedly and he is now competent. Specifically, Mr. Daking now appears to understand the relevant factors in his case and is able to rationally assist counsel in preparation of his defense. Additionally, Mr. Daking concurs in this assessment and desires to proceed.

[*Id.* at p. 2]. Furthermore, the parties agreed in their Joint Proposal "that Mr. Daking is competent and the case can proceed to trial." [*Id.*].

On June 11, 2013, the Undersigned held a competency hearing pursuant to 18 U.S.C. § 4241(c). [ECF No. 47]. At the hearing, both the Government and Defendant's counsel agreed that Defendant was competent to proceed. Defendant's counsel elaborated that he had recently spent several hours with Defendant, and was confident that Defendant's competency has improved greatly in relation to understanding the issues related to this case.

Furthermore, the Undersigned questioned Daking about his knowledge of the proceedings surrounding this case. The Undersigned found Daking to be competent when questioned, to understand the nature of the allegations against him, and to have a sound mental condition. Additionally, the Undersigned found that Daking retains the present ability to reasonably assist counsel in his own defense and participate in the trial. Therefore, the Undersigned finds and concludes that Daking is competent to stand trial in these proceedings.

5

### III. Conclusion

For the reasons given above, it is **RESPECTFULLY RECOMMENDED** that the District Court find Daking competent to stand trial in these proceedings.

### IV. Objections

Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(a), the Parties have 14 days after being served with a copy of this Report and Recommendations to serve and file written objections, if any, with the District Court. Each Party may file a response to the other Party's objection within 14 days of the objection. The objecting Party may file a reply within seven days. Failure to file timely objections shall bar the Parties from a *de novo* determination by the District Court of an issue covered in this Report and Recommendations and bar the Parties from attacking on appeal the factual findings contained herein. *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) (citing *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988)).

**RESPECTFULLY RECOMMENDED** in Miami, Florida this 11th day of June, 2013.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All Counsel of Record