UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 12-14069-CR-GRAHAM/GOODMAN

UNITED STATES OF AMERICA

v.

ALFRED DAKING, JR.,

      Defendant.
_____/

REPORT AND RECOMMENDATIONS
ON RESTITUTION

THIS CAUSE is before the Undersigned following the District Court's referral for a report and recommendations on restitution. [ECF No. 90]. After reviewing the Government's memorandum [ECF No. 98], Defendant Alfred Daking, Jr.'s memorandum [ECF No. 100], the Government's response to Daking's memorandum [ECF No. 101], and the other relevant portions of the record, the Undersigned **respectfully recommends** that the District Court order Daking to pay **$1,257.73** in restitution.

1

I.  BACKGROUND

On August 21, 2013, Daking pled guilty to one count of a three-count superseding indictment [ECF No. 51] charging him with transportation of child pornography in violation of 18 U.S.C. § 2252(a)(1) and (b)(1). [ECF Nos. 61; 62; 63]. On November 14, 2013, the District Court sentenced Daking to 180 months' imprisonment followed by a lifetime term of supervised release. [ECF No. 94]. The District Court referred the restitution issue to the Undersigned for a report and recommendations within 60 days, and deferred making a determination on restitution for 90 days. [ECF Nos. 90; 94].

Following the referral, the Undersigned issued an order setting out a briefing schedule on the issue and requiring the parties to give their opinions on the need for a hearing. [ECF No. 93]. The Government filed its memorandum on November 22, and Daking's memorandum followed on December 5. [ECF Nos. 98; 100]. The Government then filed a response to Daking's memorandum on December 16, advising that it had "appris[ed] the victim . . . through his legal guardian" and that the legal guardian was "willing to stipulate that the total amount of restitution owed by [Daking] is . . . $1,507.70." [ECF No. 101, pp. 1-2]. Daking's memorandum advised the Undersigned that the parties agreed that they did not believe an evidentiary hearing was necessary. [ECF No. 100, p. 2].

## II. LEGAL STANDARD

Pursuant to 18 U.S.C. § 3664(d)(5), a court is required to hold a hearing to determine restitution within 90 days after sentencing. If disputed, it is the Government's burden to prove by a preponderance of the evidence the appropriate amount and type of restitution. 18 U.S.C. § 3664(e). The sentencing court has "substantial discretion over the entire process leading to a possible restitution order." *United States v. Richard*, 738 F.2d 1120, 1122 (10th Cir. 1984). But once sufficient proof of the loss is offered, the court must order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant. 18 U.S.C. § 3664(e)-(f).

"[R]estitution only can be ordered to redress a loss to a victim." *United States. v. Vankin*, 112 F.3d 579, 591 (1st Cir. 1997). A restitution order should be framed to compensate a victim for the losses sustained directly by the victim from the defendant's offense. *United States v. Sablan*, 92 F.3d 865, 870 (9th Cir. 1996) (partially reversing restitution order because it improperly included consequential damages not caused by defendant); *see also United States v. Messner*, 107 F.3d 1448, 1455 (10th Cir. 1997) (reversing part of restitution order premised on fraudulent concealment of assets because the concealment did not actually cause the loss).

3

Moreover, 18 U.S.C. § 2259 requires mandatory restitution for victims of child exploitation offenses. Such victims are entitled to the full amount of their losses, including costs incurred for medical services related to physical, psychiatric, or psychological care, and "any other losses" the victim suffered as a proximate result of the exploitation offense. 18 U.S.C. § 2259(b)(3)(A), (F).

## III. DISCUSSION

This case involved the transportation of child pornography, which included Daking's sending of child pornography to the minor victim by electronic means. The offense is therefore a child exploitation offense entitling the minor victim to mandatory restitution under 18 U.S.C. § 2259.

Understandably, the minor victim required psychological counseling to help him heal from his experience, and the parties agree that those bills totaled $250.00. [ECF Nos. 98, p. 2; 100, p. 1; 101, p. 1]. The parties also agree that Daking should pay $399.00 to replace the victim's iPad tablet and $549.00 to replace the victim's iPhone smartphone, plus the 6.3% sales tax on those two items. [ECF Nos. 100, p. 1; 101, p. 1]. Daking and the minor victim (through his legal guardian) stipulate that these items

4

represent the total amount of restitution – $1,257.73[1] – that Daking should pay. [ECF Nos. 100, p. 1; 101, pp. 1-2].

### IV. CONCLUSION

The parties' proposed stipulation satisfies the dual statutory concerns relating to full victim compensation and sufficient evidence of loss, as well as all other requirements. The Undersigned therefore **respectfully recommends** that the District Court adopt the parties' proposed stipulation and enter a restitution order requiring Daking to pay the minor victim restitution in the amount of $1,257.73.

During the period of incarceration, payment shall be made as follows:

1. If Daking earns wages in a Federal Prison Industries (UNICOR) job, then he must pay 50% of wages earned toward the restitution amount owed;

2. If Daking does not work in a UNICOR job, then he must pay a minimum of $25.00 per quarter toward the restitution amount owed;

3. Upon release from incarceration, Daking shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the Court may alter that payment schedule in the interests of justice;

---

[1] The parties stipulated that the combined total for these items is $1,507.70. But there appears to be a mathematical error in Daking's calculation that the total cost of the $399 iPad and $549 iPhone, plus 6.3% sales tax, is $1,257.70. [ECF No. 100, p. 1]. The actual total-plus-tax for the two items is $1,007.73. This sum, plus the $250 for the minor victim's counseling bills, yields a total of $1,257.73.

4. The restitution shall be made payable to "Clerk, United States Courts," and forwarded to:

U.S. COURT CLERK'S OFFICE
ATTN: FINANCIAL SECTION
400 N. MIAMI AVENUE, RM 8NO9
MIAMI, FL 33128

The restitution will then be forwarded by the Clerk of the Court to the victim.

The U.S. Bureau of Prisons, U.S. Probation Office, and U.S. Attorney's Office shall monitor the payment of restitution and report to the Court any material change in Daking's ability to pay. These payments do not preclude the Government from using any other anticipated or unexpected financial gains, assets or income of Daking's to satisfy the restitution obligations.

## V. OBJECTIONS

The parties shall have 7 days from the date of this Report and Recommendations within which to file objections, if any, with the Honorable Donald L. Graham, the United States District Judge assigned to this case. Each party may file a response to the other party's objections no later than 7 days after the other party files their objections.[2] Failure to file timely objections shall bar the parties from a de novo determination by

---

[2] The Undersigned is shortening the objections and response periods in light of the fact that the parties have stipulated to both entitlement and the precise amount of restitution to be paid.

the District Court of an issue covered in this Report and Recommendations and bar the parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir.), *cert. denied,* 488 U.S. 958 (1988).

**RESPECTFULLY RECOMMENDED,** in Chambers, in Miami, Florida, December 30, 2013.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Donald L. Graham
All counsel of record